IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

COVINGTON SPECIALTY                                                    PLAINTIFF
INSURANCE COMPANY


v.                                                          Civil No. 1:15cv153-HSO-JCG


JOHN WHITE, JR.; RITA WHITE;
CHRISTOPHER JOE WILSON; and
BOBCAT TREE WORK, LLC                                                 DEFENDANTS


<u>MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION [70] TO DISMISS,
OR IN THE ALTERNATIVE, STAY</u>

BEFORE THE COURT is the Motion [70] to Dismiss, or in the Alternative,

Stay filed by Defendants John White, Jr., and Rita White (collectively, "the

Whites"), and joined in by Defendants Christopher Joe Wilson ("Wilson") and

Bobcat Tree Work, LLC ("Bobact").  Joinder [72].  Defendants request that the

Court abstain from deciding this declaratory judgment action brought by Plaintiff

Covington Specialty Insurance Company ("Covington") involving insurance

coverage.  Plaintiff has filed a Response [73] in Opposition.

The Court has considered the submissions of the parties, as well as the

factors outlined by the United States Court of Appeals for the Fifth Circuit for

deciding whether to abstain from a declaratory judgment action, and finds that the

Motion [70] should be denied.[1]

## I. BACKGROUND

A.   The State Court Action and this Declaratory Judgment Action

On May 5, 2015, Defendants John and Rita White filed a complaint against Defendants Wilson and Bobcat in the Circuit Court of Harrison County, Mississippi (the "State court action"). State Court Compl. [1-2]. In the State court complaint, the Whites allege that Bobcat and Wilson are responsible for injuries and damages to the Whites arising from Mr. White's sixty-three foot fall from the elevated 'bucket' of a truck while working on a tree removal project for Bobcat in Gulfport, Mississippi, on March 14, 2015. *Id.* at ¶¶ 5–6. The Whites asset that "Wilson is the owner and manager of Bobcat . . . ." *Id.* at ¶2.

Covington had issued a commercial general liability policy to Bobcat ("the Policy"). Compl. [1], at ¶14. On May 8, 2015, Covington agreed to defend Bobcat and Wilson in the State court action under a reservation of rights. *See* Oct. 30, 2012, Ltr. [70-2]; Am. Compl. [69], at ¶26.

On May 11, 2015, Covington instituted this declaratory judgment action against Defendants to determine coverage. Compl. [1]. The Whites did not

---

[1] Notably, on December 13, 2015, Defendants filed a substantially similar Motion to Dismiss or Stay in a related declaratory judgment action involving insurance coverage for the same underlying incident. Chief United States District Judge Louis Guirola, Jr., denied that motion on February 3, 2016. *See* Not. Supp. Authority [84]; Order [18] Denying Motion to Dismiss, *State Farm Mutual Auto. Ins. Co. v. White, et al.*, 1:15-cv-00346-LG-RHW (S.D. Miss. Feb. 3, 2016). The Court finds Chief Judge Guirola's reasoning highly persuasive in this case as well and adopts his reasoning.

immediately move to dismiss or stay this declaratory judgment action, instead filing a counterclaim also seeking a declaratory judgment and damages for bad faith denial of coverage.  Answer and Counterclaim [24].

B.   The Consent Judgment and Covenant Not to Execute

On October 26, 2015, Wilson and Bobcat, through personal counsel, sent a letter to Covington, demanding that Covington withdraw its reservation of rights and threatening to "offer a consent judgment to the [Whites] along with a covenant to only execute against the policies of insurance."  Oct. 26, 2015, Ltr. [69-3]. Covington advised Bobcat and Wilson that it continued to offer a defense with reservation of rights, but warned that "if they entered into a consent judgment, additional Policy provisions could preclude coverage depending on the nature and circumstances of the agreement."  Am. Compl. [69], at ¶28.  Nevertheless, Bobcat and Wilson refused the offer of a defense with reservation of rights.

On November 4, 2015, Defendants filed in the State court action a Motion for Entry of Judgment in favor of the Whites in excess of $2.8 million.  Mot. Entry of J. [73-4].  At the same time, the Whites entered into a Covenant Not To Execute and/or Enroll Judgment with Bobcat and Wilson.  Covenant [69-4].  On November 6, 2015, State Farm, Wilson's automotive insurer, moved to intervene in the State court action, and Covington filed a similar motion on November 9, 2015.  Resp. [73], at 5.  On November 11, 2015, Wilson and Bobcat filed a "cross-complaint" in the State court action against both insurers for (i) tortious interference with a contractual relationship, (ii) outrageous conduct, and (iii) tortious breach of contract

3

and/or bad faith.  *Id.*

Although State Farm's motion to intervene was granted, Covington withdrew its motion to intervene in the State court action, and the State court approved Covington's withdrawal on November 20, 2015.  Nov. 20, 2015, Order [73-8]. Covington, therefore, is not a party to the State court suit.

C.    Filing of the Removed Action

Following State Farm's and Covington's intervention motions in the State court action, the Whites rescinded the Covenant Not To Execute and moved to withdraw the Motion for Entry of Judgment.  Bobcat and Wilson then instituted a separate suit in State court (the "Removed action") against State Farm and Covington based on their alleged tortious interference with the Consent Judgment. That case was removed to this Court (*see* Civil Action No. 1:15cv426-LG-RHW), and a Motion to Remand is pending therein.

D.    Proceedings Before this Court

In the case pending before this Court, Defendants contend that there is insurance coverage under Bobcat's Covington Policy for the Whites' injuries. Covington claims that no coverage exists for the accident based on Policy exclusions, and in any event, the Policy affords no coverage for any claims or losses that may result from the Covenant Not to Execute. Am. Compl. [69], at ¶¶36–39.  Covington has "request[ed] a judicial determination that it has no duty to defend or indemnify Bobcat or Mr. Wilson for any claims arising out of" Mr. White's March 14, 2015, accident.  *Id.* at ¶41.

Defendants now move this Court to abstain from deciding this case and, instead, to dismiss it or enter a stay pending resolution of the State court action. Mot. [70] Dismiss or Stay. Covington opposes the Motion, Resp. [73], and Defendants have not filed a reply. On February 4, 2016, Covington filed a Notice of Supplemental Authority [84] to inform the Court of Chief Judge Guirola's aforementioned decision to deny a substantially similar Motion to Stay or Dismiss that had been filed by the Whites in State Farm's declaratory judgment action.

## II. <u>DISCUSSION</u>

A.   <u>Legal Standard</u>

"The term abstention refers to judicially created rules whereby federal courts may not decide some matters before them even though all jurisdictional and justiciability requirements are met." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Trotter*, No. 12-2064, 2013 WL 2369800, at *5 (E.D. La. May 29, 2013). The United States Supreme Court first announced in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), that a district court may abstain from hearing a declaratory judgment action involving issues of state law in favor of dismissal.

The Fifth Circuit "has established a three-step inquiry for a district court to consider when determining whether to dismiss a declaratory judgment action under" *Brillhart. See Trotter*, 2013 WL 2369800, at *2; *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003). The Court "must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to

5

decide or dismiss the action." *Sherwin-Williams*, 343 F.3d at 387.

The parties agree – and the Court finds – that the first and second elements of this test are satisfied. Therefore, the only issue before the Court is whether to exercise its discretion to decide or dismiss the action based on the following nonexclusive factors identified by the Fifth Circuit:

1.  whether there is a pending state action in which all of the matters in controversy may be fully litigated;
2.  whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
3.  whether the plaintiff engaged in forum shopping in bringing the suit;
4.  whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
5.  whether the federal court is a convenient forum for the parties and witnesses;
6.  whether retaining the lawsuit would serve the purposes of judicial economy; and
7.  whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)).

The Court has broad discretion in deciding whether to hear an action based on these factors. *See Trejo*, 39 F.3d at 590; *see also Grain Dealers Mut. Ins. Co. v. McKnight*, No. 3:98cv7-DA, 1999 WL 33537200, at *1 (N.D. Miss. Mar. 1, 1999).

B.   The *Trejo* Factors Do Not Favor Abstention

In considering these factors, the Court is of the opinion that it should not abstain from deciding this action. *See, e.g., Trotter*, 2013 WL 2369800, at *5 ("[T]he doctrines of abstention are grounded in rules of comity and federalism, created to

6

prevent unnecessary intrusion by the federal court into a state's power to hear and decide state law issues.  Nevertheless, given that all *Trejo* factors counsel in favor of exercising the Court's jurisdiction, abstaining under *Brillhart* is not warranted.").

      1.    <u>Whether There is a Pending State Action in Which All of the Matters</u>
              <u>in Controversy May be Fully Litigated</u>

"There is no per se rule against a federal court's entertaining a declaratory judgment action to determine an insurer's liability when a tort action is pending against its insured in a state court." *Northfield Ins. Co. v. Adams*, 158 F.3d 584, *3 (5th Cir. 1998).  The State court is competent to litigate the coverage issues presented here, but this fact alone does not warrant abstention.  *See Canal Ins. Co. v. Smith*, 208 F.3d 1006, *5 (5th Cir. 2000) ("[Defendant] notes that [plaintiff] could have possibly litigated the insurance coverage issue in the state court proceeding . . . .  However, even if this is true, this fact alone does not mandate that the district court stay the federal proceedings.").

While the State court action involves only the potential liability of Wilson and Bobcat to the Whites, the issue of insurance coverage has not been raised in the State court action.[2]  *See St. Paul Fire & Marine Ins. Co. v. Delta Kappa Chapter of Alpha Phi Alpha Fraternity, Inc.*, No. 5:06cv55-KS-JMR, 2006 WL 2882288, at *2

---

[2] Defendants rely heavily on *Colony Ins. Co. v. Ambling Management Co., LLC*, 965 F. Supp. 2d 783 (S.D. Miss. 2013).  Mem. Supp. Mot. [71], at 13–15.  However, in *Colony*, unlike here, the declaratory defendants had already filed a motion for declaratory relief in the State court "attempting thereby to present the insurance coverage issue to the State court for resolution."  *Colony*, 965 F. Supp. 2d at 790.

(S.D. Miss. Oct. 5, 2006) (declining to abstain when "the issue of coverage has not been raised in the State court action"); *Grain Dealers*, 1999 WL 33537200, at *2 (declining to abstain where, among other factors, the declaratory judgment action before the court addressed "the sole issue of coverage[,]" and none of the pending state actions included the issue of coverage); *see also Sherwin-Williams*, 343 F.3d at 392 ("A district court may decline to decide 'a declaratory judgment suit where another suit is pending in a state court presenting *the same issues*, not governed by federal law, between the same parties."') (citation omitted) (emphasis added). "[A] state court decision on the issues of . . . liability . . . would have no direct bearing on the insurance company's duty to defend and the scope of policy coverage; a federal decision on the insurance issues would likewise have no impact on the state court liability issues." *See Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373–74 (5th Cir. 1998) (reversing district court's decision to abstain).

Furthermore, Covington is not a party to the State court action. Covington withdrew its motion to intervene, and the State court approved Covington's withdrawal on November 20, 2015. Nov. 20, 2015, Order [73-8]. For Covington to litigate its coverage claim in the State court action, Covington would be forced to move to intervene again. This factor does not favor of abstention.

2.    Whether the Plaintiff Filed Suit in Anticipation of a Lawsuit Filed by the Defendant

It appears that Covington filed this action on May 11, 2015, not in anticipation of a lawsuit by Defendants, but in response to the State court action

8

filed on May 5, 2015, which did not name Covington as a defendant.  *See, e.g.*, *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 320 (5th Cir. 2006); *Grain Dealers*, 1999 WL 33537200, at *2. "[T]here is no evidence that [Covington] filed for declaratory judgment in anticipation of a declaratory lawsuit being filed by" Defendants.  *See Canal*, 208 F.3d at *5.  Covington "did not attempt to short-circuit [the Whites'] liability action in State court by a 'race to res judicata.'" *Id.* (citation omitted); *see also Sherwin-Williams*, 343 F.3d at 399 ("There is also no evidence that the declaratory judgment defendants had been restricted from filing state court actions, averting the possibility that [the insurer] was engaged in a race to *res judicata*.") (citation and quotation marks omitted).

The Court is not persuaded by Defendants' argument that Covington was engaging in procedural fencing by filing this action.  Mem. Supp. Mot. [71], at 12–13.  The Whites did not immediately move to dismiss or stay this declaratory judgment action, but filed a counterclaim also seeking a declaratory judgment and damages for bad faith denial of coverage, indicating their initial willingness to resolve the coverage dispute separately.  Answer and Counterclaim [24].  Regardless, "[t]he mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court."  *See Sherwin-Williams*, 343 F.3d at 397.  This factor does not favor abstention.

3.   Whether the Plaintiff Engaged in Forum Shopping

An insurer does not engage "in improper forum shopping merely by filing a

9

declaratory action in federal court availing itself of diversity jurisdiction." *AXA*, 162 F. App'x at 320–21. "There is no evidence that [Covington] brought its declaratory judgment action in search of more favorable law." *See Sherwin-Williams*, 343 F.3d at 399. Covington agrees that Mississippi law applies. *See id.* ("The selection of the federal forum in this case did not change the law that would apply; [the insurer] brought the suit in Mississippi federal court, against Mississippi defendants. Mississippi law would apply to the claims between the parties, whether in federal or state court."). This factor does not favor abstention.

4.   <u>Whether Possible Inequities in Allowing the Declaratory Plaintiff to Gain Precedence in Time or to Change Forums Exist</u>

Again, the coverage issues in this action are distinct from the liability issues in the State court action. Therefore, Covington has "not inequitably gain[ed] precedence in time or change[d] a previously selected forum for the declaration it s[eeks]." *See AXA*, 162 F. App'x at 321; *see also St. Paul Fire & Marine*, 2006 WL 2882288, at *2 ("[N]o preference or precedence will be gained by [the insurer] in proceeding with this action. It is merely an action to determine whether or not there is coverage and an obligation to provide a defense to the . . . Defendants."). This factor does not favor abstention.

5.   <u>Whether the Federal Court is a Convenient Forum</u>

Both this Court and the State court are located in the same county; therefore, this factor is neutral. *See, e.g.*, *United Nat'l Ins. Co. v. Jackson Redevelopment Auth. Bd. of Comm'rs*, No. 3:14-cv-466-CWR, 2015 WL 144930, at *2 (S.D. Miss.

Jan. 12, 2015).

      6.    <u>Whether Retaining the Lawsuit Would Serve the Purposes of Judicial Economy</u>

There is currently no "action seeking to determine coverage issues" in the State court action, "and it would be preferential to resolve [such] issue[s] early in this currently pending action." *See St. Paul Fire & Marine*, 2006 WL 2882288, at *2. This is not like the situation in *Colony Ins. Co. v. Ambling Management Co., LLC*, 965 F. Supp. 2d 783 (S.D. Miss. 2013), where if the Court were "to retain jurisdiction over this lawsuit, the coverage issues that [the insurer] asks this [C]ourt to decide would be simultaneously litigated by the state and federal courts[, which] would not serve judicial economy." *See id.* at 791.

Here, there would first need to be an intervening complaint for declaratory judgment in the pending State court action or commencement of a new declaratory judgment action in State court. "Either of these options would be less efficient and more economically burdensome than if this [C]ourt was to decide the declaratory judgment action." *Grain Dealers*, 1999 WL 33537200, at *2. Moreover, Defendants have asserted counterclaims in these proceedings that would also need to be re-asserted in State court, which would not favor judicial economy. Answer and Counterclaim [24].

Although the State court has never been asked (through a complaint, motion, or otherwise) to decide the insurance coverages issues, Defendants argue that judicial economy is thwarted because duplicative discovery will take place. Mem.

Supp. Mot. [71], at 14.  It appears that discovery has not yet begun in the State court case or, if it has, it is in its early stages.  There is no reason that the parties cannot agree to use discovery in the State court action in this proceeding or vice versa.  This factor does not weigh heavily in favor of abstention.

       7.    <u>Whether the Federal Court is Being Called on to Construe a State Judicial Decree</u>

Defendants do not address this factor, but cannot reasonably dispute that this Court is not being called upon to construe a State judicial decree.  This factor is, at best, neutral.

## III.  <u>CONCLUSION</u>

Based on the foregoing, the Court is of the opinion that the *Trejo* factors weigh in favor of the Court exercising its discretion to entertain Covington's declaratory action.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the Motion [70] to Dismiss, or in the Alternative, Stay filed by Defendants John White, Jr., and Rita White is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of February, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE